# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**LARRY TOWNER**                                                    **PLAINTIFF**

**v.**                                   **No. 3:25-cv-249-DPM**

**BOLD TEAM LLC; ANNIE ISELIN,**
**In her private and corporate capacity;**
**and TAMMIE HUTCHINSON, In her**
**private and corporate capacity**                            **DEFENDANTS**

## ORDER

1.    Towner's application to proceed *in forma pauperis*, *Doc. 6*, is granted.  He is unemployed and reports no income or savings.

2.    The Court must screen Towner's complaint, *Doc. 3*. 28 U.S.C. § 1915(e)(2).  This is his third lawsuit involving these claims. The Pulaski County Circuit Court dismissed his first lawsuit without prejudice.  *Towner v. Bold Team, LLC*, No. 60CV-24-1196 (26 February 2024).  In his second lawsuit, filed here, this Court dismissed his federal claims with prejudice (wrongful termination, disparate treatment, and retaliation) and without prejudice (fraud, conspiracy, and ERISA violations).  *Doc. 25* in *Towner v. Bold Team LLC*, No. 3:24-cv-128-DPM (E.D. Ark. 27 September 2024).  The Court remanded his state claims, which were later dismissed. *Towner v. Bold Team LLC*, No. 74CV-24-27 (24 January 2025).

The facts are the same. Larry Towner worked for Bold Team LLC. He helped grow and harvest marijuana plants that were sold to medical dispensaries throughout Arkansas. Towner says Bold Team fired him after a fight with a coworker. He says his former employer ignored evidence that he wasn't the initial aggressor. Towner believes all of this was used as pretext to fire him after he complained to his supervisor about unfair work conditions.

Towner now reasserts his claims that Bold Team violated its fiduciary duties under ERISA. He also alleges that Bold Team fired him in retaliation for activities protected by ERISA. At its core, however, Towner's case remains a dispute about his firing. His alleged participation in an ERISA-governed benefits plan through the job he lost isn't enough to state a claim. Towner hasn't alleged any facts that Bold Team misused or mismanaged the funds in his employee retirement plan. *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 917–18 (8th Cir. 1994). Additionally, his retaliation claim doesn't involve the kind of protected activity covered by ERISA's anti-retaliation provision, 29 U.S.C. § 1140. Towner complained to management about workplace assignments; he didn't attempt to exercise any right under a provision of his employee benefit plan. *Langlie v. Onan Corporation*, 192 F.3d 1137, 1141 (8th Cir. 1999). Towner has therefore failed to state an ERISA claim.

*

-2-

Because this is the third unsuccessful try, Towner's complaint will be dismissed with prejudice.  *Ellis v. Nike USA, Inc.*, 158 F.4th 932, 936–37 (8th Cir. 2025) (affirming dismissal with prejudice where the amended complaint still failed to state a claim).

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

28 April 2026